UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH ISAAC WOOTEN,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>　　　　　　　　　Respondent. | Case No.:  16-cv-1327-JAH-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 14]** |

## I.  INTRODUCTION

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

For the reasons set forth herein, the Court **RECOMMENDS** Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus be **GRANTED**.

## II. FACTUAL BACKGROUND

### 1. Federal Proceedings

Petitioner Isaiah Isaac Wooten ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 1, 11). On March 1, 2016, Petitioner filed his operative federal habeas Petition raising three claims: (1) Petitioner's abstract of judgment should be amended to remove the "25-years to life" sentence, (2) the Court should order an immediate parole hearing, and (3) the Court should grant 1465 days of credits towards Petitioner's sentence. (ECF No. 1).

Respondents filed a motion to dismiss, arguing that this Petition should be dismissed because (1) Petitioner's first claim is untimely and moot, and (2) Petitioner failed to exhaust his second and third claims through state court remedies. (ECF No. 14).

### 2. State Proceedings

On January 20, 2006, Petitioner was found guilty of attempted murder (Cal. Penal Code § 187(a)) (count one) and the discharge of a firearm from a motor vehicle at a person (Cal. Penal Code § 12034(c)) (count two). (ECF No. 1 at 29).[1] As to both counts, the jury found that Petitioner had intentionally discharged a firearm causing great bodily injury (Cal. Penal Code § 12022.53(d)). (*Id.*).

On May 17, 2006, the Riverside County Superior Court sentenced Petitioner to a "life term" for attempted murder, an enhancement of "25 to life" for the discharge of a firearm causing great bodily injury, and five years for the discharge of a firearm from a motor vehicle. (ECF No. 15 at 22).

---

[1] Pincites refer to the automatically-generated CM/ECF pagination, not the pagination in the native document.

1  Further, an additional 25 to life enhancement for the discharge of a firearm
2  was added to the sentence on count two, to be permanently stayed upon
3  successful completion of the term in count one. (*Id.*).

4  On May 24, 2006, Petitioner received an abstract of judgment that
5  reflected a sentence of: (1) life with the possibility of parole on count one, (2) a
6  25-year enhancement on count one, (3) a 5-year determinate term on count
7  two, and (4) a stayed enhancement on count two. (ECF No. 1 at 18).
8  Additionally, the box for Cal. Penal Code § 667.61 (habitual sex offender) was
9  checked. (*Id.* at 29). Petitioner was not convicted of being a habitual sex
10 offender. (*Id.*).

11 On December 7, 2006, Petitioner received a second abstract of judgment
12 that reflected a sentence of: (1) life with the possibility of parole on count one,
13 (2) 25-years to life on count one, (3) a 5-year determinate term on count two,
14 and (4) a stayed enhancement on count two. (ECF No. 1 at 23-25). The box
15 for Cal. Penal Code § 667.61 (habitual sex offender) remained checked. (*Id.*).

16 On April 10, 2008, Petitioner appealed his conviction to the California
17 Court of Appeals and the court affirmed Petitioner's conviction in full.
18 (Appellate Courts Case Information (Oct. 28, 2016, 02:32 PM),
19 http://appellatecases.courtinfo.ca.gov/search/case/trialCourt.cfm?dist=0&doc_i
20 d=1895324&doc_no=S163646).

21 On July 9, 2008, Petitioner appealed his conviction to the California
22 Supreme Court, and the court denied direct review of Petitioner's conviction.
23 (Appellate Courts Case Information (Oct. 28, 2016, 02:32 PM),
24 http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0
25 &doc_id=1895324&doc_no=S163646).

26 From September 23, 2014 to November 19, 2015, Petitioner filed
27 grievances to Calipatria State Prison three times, contending that the Board

of Prison Terms should have conducted a parole hearing, and failed to do so because of an invalid sentence imposed by the sentencing court. (ECF No. 1 at 36). The prison directed Petitioner to address the issue with the Riverside County Superior Court in order to correct the alleged error. (*Id.* at 42).

On April 3, 2015, Petitioner filed a motion to correct an unauthorized sentence with the Riverside County Superior Court. (*Id.* at 46). Petitioner argued that the incorrect habitual sex offender charge caused an additional 25-years to life enhancement to be added to his sentence. (*Id.*). The court found a "typographical error in the abstract" which incorrectly stated that Petitioner was sentenced pursuant to Cal. Penal Code § 667.61 (habitual sex offender). (*Id.* at 50-51). However, the court found there was no "unauthorized sentence." (*Id.* at 51).

On April 14, 2015, Petitioner received a third abstract of judgment, which reflected that he was sentenced to: (1) life with the possibility of parole on count one, (2) a 25-year enhancement on count one, (3) a 5-year determinate term on count two, and (4) a stayed enhancement on count two. (ECF No 1. at 52). The box for Cal. Penal Code § 667.61 (habitual sex offender) was not checked. (*Id.*).

On June 11, 2015, Petitioner filed a state habeas petition to the California Supreme Court alleging that the sentence remained incorrect and the "25-year enhancement" should be removed. (ECF No. 15-1 at 9). On September 16, 2015, the California Supreme Court denied the petition without analysis or citation to legal authority. (ECF No. 17-6).

### III. LEGAL STANDARD

Title 28 U.S.C. § 2254(a) provides the scope of review for federal habeas corpus claims:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States.

As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, title 28 U.S.C. § 2244(d) provides a one-year limitations period for a state prisoner to file a federal petition for writ of habeas corpus, pursuant to the judgment of the State court. Title 28 U.S.C. § 2244(d) states that the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D) (West 2006).

## IV.  DISCUSSION

### 1.  Claim One Is Untimely and Not Cognizable

**a. Timeliness**

AEDPA applies to all § 2254 habeas corpus petitions filed after April 25, 1996. *Smith v. Robbins*, 528 U.S. 259, 268 (2000). Because Petitioner filed his federal Petition on March 1, 2016, his Petition is governed by AEDPA. In deciding whether the Petition is untimely, the first issue for this Court is to determine when AEDPA's one-year statute of limitations began to run. 28 U.S.C. § 2244(d)(1).

Where a state prisoner has sought direct review of a conviction in the state's highest court but does not file a petition for certiorari with the United States Supreme Court, the one-year limitations period for seeking federal habeas review begins to run 90 days after the state court entered judgment. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see* U.S. Sup. Ct. R. 13. Pursuant to Federal Rule of Civil Procedure 6(a), the statute of limitations under § 2254 ordinarily begins to run on the date subsequent to the date the judgment became final, unless an exception applies. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Title 28 U.S.C. § 2244 delineates only three possible exceptions to the general rule regarding when the statute of limitations begins to run in a case:

(1) petitioner was impeded by the state from seeking further relief; (2) petitioner's claims rely on a newly recognized constitutional right; and (3) the factual predicate for petitioner's current claim(s) was not known, or could not have been known, by the time his conviction became final.

Respondents argue that Petitioner "knew or should have known of the challenged amendments to his abstract of judgment by at least 2007." (ECF No. 14 at 2). Therefore, Respondents argue, Petitioner should have known the factual predicate for claim one since 2007, and hence the statute of limitations on this claim expired, at the latest, in 2008. (*Id.* at 3).

Petitioner argues that he only knew about the significance of the alleged sentencing error when he unsuccessfully requested a parole suitability hearing. (ECF No. 1 at 12). The Ninth Circuit has held that the statute of limitations "begins when the prisoner knows the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001). By Petitioner's own admission, he received his first abstract of judgment on May 24, 2006, and Petitioner had the opportunity to discover the relevant facts since 2006. (ECF No. 1 at 12).

The triggering of AEDPA's statute of limitations may be delayed if a new judgment was later created. *Ferreira v. Sec'y, Dept. of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007) ("AEDPA's statute of limitations runs from the date the judgment . . . becomes final, which is the date both the conviction and the sentence the petitioner is serving become final."). However, a correction of clerical error does not create a new judgment when the underlying sentence has not changed. *See In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016).

Petitioner's third amended abstract of judgment, received on April 14, 2015, is not a new judgment because the amendment was purely clerical.

1  (ECF No. 1 at 50). The Riverside County Superior Court indicated that the
2  correction of error (unchecking the box for Cal. Penal Code § 667.61) was
3  "typographical" in nature, and that Petitioner's sentence has not changed.
4  (*Id.*). Therefore, the state court merely made a clerical amendment in
5  Petitioner's abstract of judgment and the triggering of AEDPA's statute of
6  limitations was not delayed by the typographical correction.

7  Petitioner's conviction became final on October 7, 2008, 90 days after
8  the California Supreme Court denied direct review. Because there is nothing
9  to suggest that the other two exceptions apply, Petitioner's one-year statute
10 of limitations began to run on October 8, 2008, and lapsed on October 7, 2009.
11 Petitioner filed his federal Petition on March 1, 2016. Absent statutory or
12 equitable tolling, AEDPA's one-year statute of limitations lapsed in
13 Petitioner's case.

14 AEDPA's limitations period is subject to statutory tolling for periods of
15 time during which there is a properly filed application for post-conviction
16 relief pending in the state court. *Carey v. Saffold*, 536 U.S. 214, 221-223; *see*
17 28 U.S.C. § 2244(d)(2). The Supreme Court has held that in the absence of a
18 clear indication that a petition was untimely, "the federal court must itself
19 examine the delay in each case and determine what the state courts would
20 have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198
21 (2006). The *Evans* Court gave some guidance in making that determination:
22 (1) the phrase "on the merits" in the state order does not indicate by itself a
23 timely filing; (2) absence of those words makes it less likely the petition was
24 timely filed; (3) federal courts must assume that California law regarding
25 timeliness does not differ significantly from other states which use 30 or 60
26 day rules for untimeliness; (4) a 6-month unexplained delay is presumably
27

1 presumptively unreasonable; and (5) California's capital case presumption of
2 timeliness is not relevant to non-capital cases. *See id.*

3      Here, Petitioner filed a state habeas petition raising this claim in the
4 California Supreme Court, but the state court did not indicate if the petition
5 was timely. (ECF No. 17-6). The habeas petition was filed on June 11, 2015,
6 almost eight years after the conclusion of direct review. (*Id.*). It is unlikely
7 that the California state court found the petition to be timely filed because
8 Petitioner's delay was far longer than the 30 or 60 day rules for untimeliness
9 typical in other states. Statutory tolling requires the Petitioner to timely file
10 his petition; as a result, Petitioner is not entitled to statutory tolling because
11 his petition was not timely filed.

12      Under certain circumstances, AEDPA's one-year statute of limitations
13 period may be equitably tolled. *Calderon v. United States Dist. Court*
14 *("Beeler")*, 128 F.3d 1283, 1288 (9th Cir. 1997) (overruled on other grounds by
15 *Calderon v. United States Dist. Court ("Kelly")*, 163 F.3d 530, 540 (9th Cir.
16 1998)). A litigant seeking equitable tolling bears the burden of establishing
17 two elements: (1) that he has been pursuing his rights diligently, and (2) that
18 some extraordinary circumstances beyond the prisoner's control have made it
19 impossible for him to file a timely petition. *Pace v. DiGuglielmo*, 544 U.S.
20 408, 418 (2005). Here, Petitioner did not provide any arguments or evidence
21 to satisfy the elements required for equitable tolling. Therefore, Petitioner is
22 not entitled to equitable tolling.

23     **b. Cognizability**

24      Federal habeas review is limited to claims which allege a violation of
25 the federal constitution, laws or treaties. *See* 28 U.S.C. § 2254(a) (West
26 2006); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is not
27 available for an alleged error in the interpretation or application of state law,

1  unless it involves "fundamental unfairness." *Estelle*, 502 U.S. at 67.  Federal
2  habeas review of a state court's finding is limited, at most, to determining
3  whether the state court's finding was "so arbitrary or capricious" as to
4  constitute an independent due process violation.  *Lewis v. Jeffers*, 497 U.S.
5  764, 780 (1990).

6       Petitioner argues that the state court entered an incorrect sentence of
7  25-years to life.  (ECF No. 1).  Petitioner's first and second abstract of
8  judgments incorrectly indicated that Petitioner was a habitual sex offender;
9  as a result, Petitioner contends that this incorrect indication added 25-years
10 to life to his sentence.  (*Id*.).  Petitioner argues that his right to due process
11 was violated by the imposition of the sentence.  (*Id*.).

12      Respondents argue that Petitioner's first claim is moot because there is
13 no controversy to adjudicate.  (ECF No. 14 at 3); *see Smith v. Univ. Of*
14 *Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000) ("Mootness is
15 like standing, in that if it turns out that resolution of the issue presented
16 cannot really affect the plaintiff's rights, there is, generally speaking, no case
17 or controversy for the courts to adjudicate; no real relief can be awarded.").
18 Respondents contend that, by Petitioner's own admission, the trial court has
19 corrected Petitioner's abstract of judgment by unchecking the box that
20 indicated Petitioner was a habitual sex offender.  (ECF No. 14 at 3).
21 Therefore, Respondents argue, there is no controversy here because relief has
22 been granted.  (*Id*.).  Respondents failed to address the "25 years to life"
23 sentence that Petitioner is challenging.  (*Id*.).

24      In the context of Petitioner's sentencing transcript, it was clear that the
25 trial court sentenced Petitioner to a "life term" for attempted murder, and an
26 enhancement of "25 to life" for the discharge of a firearm causing great bodily
27 injury.  (ECF No. 15-1 at 22).  Thus, Petitioner would have received the same

sentence regardless of the typographical error. The length of the sentence imposed by the state court is accurately reflected in Petitioner's abstract of judgments. (ECF No. 1 at 18-26). It appears that Petitioner mistakenly believes that the incorrect "habitual sex offender" charge was the reason for the "25 years to life" sentence. The record shows otherwise. (ECF No. 15-1 at 23). Petitioner is unable to show an error in the state court's application of state law that involved "fundamental unfairness." *See Estelle*, 502 U.S. at 67. Therefore, the Court finds that Petitioner has not raised an issue that is cognizable in federal proceedings.

Accordingly, the Court finds Petitioner's claim one to be untimely and not cognizable in federal habeas proceedings.

**2. Claims Two and Three are Unexhausted**

AEDPA has two main purposes: (1) to "reduce delays in executing state and federal criminal sentences," and (2) to "streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Thus, prisoners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust their state judicial remedies. 28 U.S.C. § 2254(b)(1); *Granberry v. Greer*, 481 U.S. 129, 133 (1987) ("[A]s a matter of [federal-state] comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.").

To satisfy the exhaustion requirement, a petitioner must "fairly present his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *Harmon v. Ryan*, 959 F.2d 1457, 1460 (9th Cir. 1992)). A

federal claim is fairly presented if the petitioner has stated the "operative facts and the federal legal theory upon which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

Here, Petitioner failed to present claims two and three to the California Supreme Court and allow the state court a fair opportunity to consider his claims. (*See* ECF No. 1 at 5-6). Petitioner also has not demonstrated that no further state remedies are available to him with respect to those claims. Therefore, the Court finds that Petitioner has not satisfied the exhaustion requirements for claims two and three.

A federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005). Here, it would be improper to stay the Petition and allow Petitioner the option of forgoing his unexhausted claims because Petitioner's only exhausted claim is untimely and not cognizable.

For the foregoing reasons, the Court finds Petitioner's claim one untimely and not cognizable, and claims two and three to be unexhausted. The Court **RECOMMENDS** Respondent's motion to dismiss Petitioner's Petition for Writ of Habeas Corpus be **GRANTED**.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Defendants' motion to dismiss Petitioner's Petition for Writ of Habeas Corpus.

1 **IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **December 9, 2016**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **December 16, 2016**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   November 21, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge