UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH ISAAC WOOTEN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>W.L. MONTGOMERY, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 16cv1327-JAH (MDD)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 18], OVERRULING PETITIONER'S OBJECTION [Doc. No. 20], AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 14]** |

BACKGROUND

Petitioner, Isaiah Isaac Wooten, a state prisoner proceeding *pro se*, originally filed his federal Petition for Writ of Habeas Corpus on March 1, 2016 pursuant to 28 U.S.C. § 2254. Doc. No. 1. In his Petition, Wooten argues that: (1) Petitioner's abstract of judgment should be changed to exclude the 25-years to life sentence; (2) the Court should request a parole hearing; and (3) the Court should give 1,465 days of credits to Petitioner's sentence. Id.

1

On September 9, 2016, Respondent filed a motion to dismiss the Petition for Writ of Habeas Corpus. Doc. No. 14. Respondent argues the petition is untimely, unexhausted, and moot. Id. Specifically, Respondent contends that the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") lapsed, at latest, in 2008, rendering Petitioner's 2016 claim moot and untimely. Id. Respondent also posits that Petitioner failed to exhaust all state court remedies for his second and third claims. Id. at pgs. 3-6. Petitioner filed a response in opposition to the motion to dismiss on October 7, 2016. Doc. No. 16.

On November 21, 2016, the Honorable Mitchell D. Dembin, United States Magistrate Judge, issued a report and recommendation ("Report") addressing the motion and recommending this Court grant Respondent's motion to dismiss. Doc. No. 18 at pgs. 12-13. Objections to the Report were due by December 9, 2016. Id. Petitioner filed a letter which the Court construes as an objection to the Report on December 20, 2016.[1] Doc. No. 20.

After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court ADOPTS the magistrate judge's Report, OVERRULES the objection, and GRANTS Respondent's motion to dismiss.

## DISCUSSION

I.    Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the

---

[1] The Court recognizes that Petitioner filed his objection past the December 9th deadline set in the Report, however, Petitioner explains in his objection that circumstances out of his control were responsible for the delay. Thus, the Court accepts Petitioner's objection as timely.

magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See Fed. R. Civ. P. 72(b). It is well-settled, under Rule 72(b), that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

II.   Analysis

    a. Count One

        i. Statute of Limitations

Judge Dembin found a one year statute of limitations applied to Petitioner's federal habeas corpus petition. Doc. No. 18. AEDPA imposes a one-year statute of limitations on federal prisoners for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d). The one-year limitation applies to all habeas petitions filed by persons in custody pursuant to state court judgment. Id. Petitioner was sentenced to a life term in May 2006 by the Riverside County Superior Court for attempted murder, an enhancement of "25 to life" for discharging a firearm that caused great bodily injury, and five years for discharging a firearm from a motor vehicle. Doc. No. 18 at pgs. 2-3. Another "25 to life" enhancement for discharging a firearm was added on to the sentence on Count Two. Id. at pg. 3. Therefore, Petitioner is confined as a result of a state court judgment. Doc. No. 18 at pgs. 2-4.

Pursuant to 2244(d)(1)(A), the one-year limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. Here, Petitioner was found guilty of attempted murder and the discharge of a firearm from a motor vehicle. Doc. No. 18 at pg. 2. Petitioner was sentenced on May 17, 2006. Id. Petitioner's conviction became final on October 7, 2008, 90 days after the California Supreme Court denied direct review. Id. at pg. 8; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); U.S. Sup. Ct. R. 13. Because Petitioner's conviction occurred after the enactment of AEDPA, the statute of limitations expired on October 7, 2009. Hasan v. Galaza, 254 F.3d 1150, 1153 (9th Cir. 2001). The

instant action was not filed until March 1, 2016.[2] Doc. No. 1. The Court adopts the magistrate judge's finding as it is not clearly erroneous.

### ii. Clerical Error

Judge Dembin found that Petitioner's action is subject to 28 U.S.C. § 2254(a), which allows federal habeas review only for claims that allege a violation of the Constitution, federal law, or treaties. 28 U.S.C. § 2254(a); Doc. No. 18 at pg. 9. Moreover, federal habeas review cannot be applied for alleged misinterpretation or misapplication of state law unless it involves "fundamental unfairness." *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Here, Petitioner's first and second abstracts of judgment incorrectly show that Petitioner was a habitual sex offender. Doc. No. 18 at pg. 10. As a result, Petitioner mistakenly believed the "habitual sex offender" charge was the reason for his "25 years to life" sentence. Id. at pg. 11; Doc. No. 15-1 at pg. 23. The record reflects the description of the offense in the abstracts was a clerical error. Doc. No. 18. The clerical error, however, is not responsible for Petitioner's sentence, and the trial court corrected the abstract of judgment. Id. Petitioner has not met the "fundamental unfairness" standard and fails to raise a cognizable issue. The magistrate judge found that Petitioner did not allege a set, cognizable violation of the Constitution, federal law, or treaties.

Petitioner filed a letter which the Court construes as an objection to the Report on December 20, 2016. Doc. No. 20. The letter indicates that Petitioner believes the Report erred only with respect to the finding that the clerical error did not impact Petitioner's sentence. Id. This Court finds that after its independent review of the record, the magistrate judge provided a cogent analysis in addressing the clerical error. For these

---

[2] In the Report, Judge Dembin noted that, in order to be eligible for statutory or equitable tolling, Petitioner must be timely in filing his petition, diligently pursue his rights, or show he was prevented from diligently pursuing his rights by extraordinary circumstances. Doc. No. 18 at pg. 9. The Court agrees with the Report that Petitioner failed to meet any of these requirements.

4

reasons, the Court overrules Petitioner's objection. The Court adopts the magistrate judge's finding as it is not clearly erroneous.

### b. Counts Two and Three

#### i. Failure to Exhaust State Remedies

Counts Two and Three alleged violations of Petitioner's claim to an immediate parole hearing and 1,465 days of credits towards the sentence respectively. Doc No. 18 at pg. 2. Judge Dembin found that Petitioner did not exhaust all available state remedies on these claims before pursuing the instant action. Id. at pgs. 11-12. Petitioners that seek federal habeas relief must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b)(1). In order to meet this exhaustion requirement, Petitioner need either bring his claim to the highest possible state court or show that all possible state remedies have been exhausted. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Here, Petitioner has not shown that he exhausted all possible state remedies. The record demonstrates he did not bring claims two and three to the California Supreme Court. Doc. No. 1 at pgs. 5-6. Thus, Petitioner did not meet the exhaustion requirement to seek federal habeas relief. The Court adopts the findings of the Report as it is not clearly erroneous.

## CONCLUSION AND ORDER

The Court conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties, and finds the Report provides a cogent analysis of each of the three claims presented by Petitioner.

For the reasons set forth above, IT IS HEREBY ORDERED:

1. The finding and conclusions of the magistrate judge presented in the Report (Doc. No. 18) are ADOPTED in the entirety;
2. Petitioner's Objection (Doc. No. 20) is OVERRULED;
3. Respondent's Motion to Dismiss (Doc. No. 14) is GRANTED;

//
//

16cv1327-JAH (MDD)

4. The Petition For Writ of Habeas Corpus (Doc. No. 1) is DIMISSED WITH PREJUDICE.

DATED: September 27, 2017

_____
JOHN A. HOUSTON
United States District Judge

6

16cv1327-JAH (MDD)